UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10382-NG |
| | ) | |
| MICHAEL ROBATEAU, | ) | (Filed Under Seal) |
| Defendant. | ) | |

### GOVERNMENT'S MOTION FOR ISSUANCE
### OF AN ARREST WARRANT AND MOTION TO SEAL

Now comes the United States of America, by and through the undersigned counsel, and hereby moves this Honorable Court for issuance of a warrant for the arrest of the defendant in the above-captioned matter, Michael Robateau. In support of its motion, the government sets forth the following:

1.  On or about December 16, 2004, a federal grand jury sitting in Boston, Massachusetts returned a one-count indictment against Michael Robateau ("Robateau") charging him with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and with aiding and abetting, in violation of 18 U.S.C. § 2.

2.  Upon information and belief, the JS-45 accompanying that indictment indicated that an arrest warrant was being requested. Also upon information and belief, the Assistant U.S. Attorney who obtained the indictment filed a motion to impound the indictment and arrest warrant, which motion was granted. In its motion to impound, the government indicated that the investigation leading to Robateau's indictment had involved the participation of a cooperating witness ("the CW") who continued to be involved in other ongoing and sensitive investigations. The government indicated that it did not intend to effectuate the arrest of Robateau until the CW's participation in those other investigations had been terminated.

3.  The other investigations in which the CW was involved have reached a point where the CW's participation is no longer needed. Therefore, the government is now prepared to arrest Robateau on the above-captioned indictment.

4.  Although the record known to the government suggests that the Assistant U.S. Attorney who obtained the indictment in this matter did request and submit an arrest warrant, no such arrest warrant can now be found in the prosecutor's file, or (upon information and belief) in the court's sealed file, in the case agent's file, or in the Marshal's Office. Therefore, the government is now submitting the attached arrest warrant and requests that the Clerk's Office be directed to issue it.

5.  The government also moves to seal the arrest warrant and this motion because the premature disclosure of the existence of the warrant and supporting documentation could still cause the defendant to flee to avoid arrest and could jeopardize the safety of law enforcement officers seeking to execute the warrant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Patrick M. Hamilton
PATRICK M. HAMILTON
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3251

Date: August 14, 2006

2